In the Matter of the Application of WILLIAM ROSENFELD and THERESA S. ROSENFELD, Petitioners, for an Order Directing THE SAVINGS BANK OF UTICA, Respondent, to Execute and Deliver an Assignment of Mortgage Covering Premises 75–78 177th Street, County of Queens, State of New York.

Supreme Court, Queens County, February 14, 1940.

*Hyman & Segall,* for the petitioners.

*Miller, Hubbell & Evans,* for the respondent.

HOOLEY, J. This is a motion, pursuant to section 275 of the Real Property Law, to compel the respondent, the holder of a mortgage on petitioners' property, to execute an assignment thereof to the institution designated by petitioners. A demand was made prior to the bringing of this motion, which demand was refused. There is no dispute as to the facts herein.

The mortgage held by the respondent bears interest at the rate of five per cent plus one-half of one per cent for servicing charge, plus one-half of one per cent for Federal Housing Administration insurance, making a total of six per cent per year payable by the petitioners. They have arranged to borrow the principal amount of the mortgage from another institution which has agreed to accept interest at the rate of four and one-half per cent and to waive the service charge. It is apparent, therefore, that if this application is granted it will result in a saving of one per cent per year to the petitioners on the face amount of the mortgage, which still has about twenty-three years to run.

The respondent does not dispute that upon payment to it of the amount due on the mortgage with interest and upon a compliance with section 333-b of the Real Property Law it would be obligated to satisfy the mortgage. In fact, it is quite willing to dispose of the matter on that basis.

However, it does dispute that it is obligated to assign the mortgage herein, and raises three questions: (1) That the petitioners herein have not complied with said section 275 of the Real Property Law; (2) that the mortgage is not due and payable and that this is prerequisite to the application of section 275 aforesaid; (3) that no machinery is provided in section 275 for its enforcement.

The said questions are herewith disposed of, *seriatim:* (1) Prior to the making of the motion herein and on December 18, 1939, the petitioner Theresa S. Rosenfeld gave the statutory thirty-day notice by notifying the respondent that arrangements had been made to refinance the mortgage and requested that it make the necessary arrangement to assign the mortgage so that the closing could take place between January 22 and January 31, 1940 (Exhibit B). There was additional correspondence herein between respondent and the company which had arranged to refinance the mortgage, culminating in the letter of December 30, 1939, wherein respondent indicated clearly its unwillingness to assign the mortgage (Exhibit E). Under the circumstances a formal tender of the principal and interest due and the fee for drawing the assignment was unnecessary. The law does not require the performance of an idle gesture or useless formality. (*Mahnk* v. *Blanchard*, 233 App. Div. 555, 561.)

(2) The mortgage herein contains a prepayment clause pursuant to which the petitioners had a right, on thirty days' notice, to pay the principal and interest, plus one per cent of the face amount of the principal. The notice was given. Respondent contends that the exercise of such right of prepayment by the petitioners does not make the mortgage due and payable within the purview of

section 275 aforesaid. The court is of the opinion that it does. It would seem to be perfectly clear that " due and payable," within the meaning of that section, means such time as the mortgagor has the right to pay off the mortgage. It is mere legal quibbling to state that these petitioners have the right to pay principal and interest of the mortgage and have the same satisfied but that they cannot demand an assignment thereof. In addition, said section 275 aforesaid refers to such assignment of mortgage as being *in lieu of a certificate of discharge.* That language is meaningless if a mortgagor cannot obtain an assignment of a mortgage in any case where he is entitled to a discharge.

(3) It is unfortunate that the Legislature did not specifically provide for a means to compel the assignment of a mortgage in section 275 of the Real Property Law in manner such as is provided in section 333-b of the Real Property Law to compel the discharge thereof. Despite that fact, however, the court can read such power into said section. Section 63 of the Civil Practice Act, which deals with the general powers of a court of record, provides as follows:

" A court of record has power: * * *

" 3. To devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it."

The court having determined that it has the power to make a decree directing the mortgagee to assign the bond and mortgage, it likewise follows that the court has power to devise a form of proceeding to carry out that power. Section 333-b of the Real Property Law was adopted in 1911. That section applies to a discharge of a mortgage and specifically provides that the court has power to make an order directing the holder of a mortgage to execute and deliver a satisfaction piece. In 1914 the Legislature enacted section 275 of the Real Property Law, which provided that in lieu of the satisfaction piece provided for by section 333-b the property owner had the right to require the execution and delivery of an assignment of the mortgage. Both sections must be read together. The remedy specifically created by section 333-b to compel the execution of a satisfaction piece must be presumed to have carried over and to become available under section 275, which latter section merely provided that the property owner was entitled to an assignment instead of a satisfaction piece, at his election. In other words, having provided by statute that the property owner was entitled to a satisfaction piece upon payment of the mortgage and having provided a remedy to compel the execution of a satisfaction piece, when the Legislature subsequently provided that the property owner was entitled to an assignment instead of a satisfaction piece

it must have had in mind the satisfaction piece provided for by section 333-b, and it must be presumed that the same remedy which was available to compel a satisfaction is also available to compel an assignment.

The motion is in all respects granted. Settle order on notice.