In the Matter of FRANK PESCE et al., Petitioners, *v.* NOR-SHIRE ASSOCIATES, INC., et al., Respondents.

Supreme Court, Special Term, Suffolk County, February 13, 1967.

*Joyce & Malloy* for petitioners. *Sarisohn, Tananbaum & Hertan* for Irving Strassberg, respondent. *Solomon & Lipp* for respondent.

JACK STANISLAW, J. Petitioner applies for an order discharging a mortgage of record. With two others, petitioner guaranteed a corporate obligation and executed a second mortgage on his home as security. In August of 1966 the approximate balance due on the obligation was $10,000. Petitioner was allegedly advised by the respondent lender, Nor-Shire, that two thirds of the balance due had been received from petitioner's co-obligors and that upon payment of his final one third of the gross amount due, $3,378, he would receive a satisfaction of the second mortgage on his home previously given as collateral. Petitioner states that when he tendered payment of the required amount it was refused and he was instead told that the entire obligation had been assigned by Nor-Shire to the respondent Strassberg. This assignment is labeled as a device intended to prevent the satisfaction which petitioner has here requested by court order (Real Property Actions and Proceedings Law, § 1921).

Nor-Shire says that it is no longer an interested party, having assigned the entire obligation, guarantees and collateral mortgages included, to Strassberg on August 22, 1966. In any event, it denies its agreement to accept partial payment of the amount due from Pesce, the petitioner, and thereupon partially release the debt and execute a satisfaction of the collateral thereon. It

did apparently agree to a whole satisfaction in August, 1966, but the three guarantors allegedly never got together in order to deliver full payment. Thus, prior to petitioner's tender Nor-Shire sold or assigned the entire obligation to Strassberg. At best, Nor-Shire states that the whole obligation is now owned by Strassberg so that he must be the one to satisfy petitioner's mortgage should the court grant the application.

Strassberg indicates his payment of "full consideration" to Nor-Shire for the outstanding obligation. Nevertheless, he has not received the assignment, guarantees or security to date, despite that payment. Thus, he asks that Nor-Shire be compelled to deliver these to him, and without reduction.

We are told that Nor-Shire accepted one third of the gross balance due from one of the petitioner's co-obligors. However, it is impliedly alleged that this share was received subject to complete payment forthcoming from the other two by a date certain. On that day respondent Strassberg paid for the whole obligation. Yet Nor-Shire almost simultaneously notified Pesce that he might still stop the sale by payment of his share of the obligation that day. Petitioner's attorney appeared the following morning with a check for Pesce's one third. Nor-Shire avers that this was too late "and the entire obligation had already been sold."

The relevant statutory provision, section 1921 of the Real Property Actions and Proceedings Law, must be strictly construed. Before relief is available it must appear that the mortgagee has willfully and unjustifiably refused to satisfy (*Matter of Iratom Co.*, 46 Misc 2d 130; *Matter of Clark*, 33 Misc 2d 145). The existence of an agreement to at least fully satisfy has been established, and in fact respondent Nor-Shire indicates one payment in furtherance of such agreement. Then it openly relates an assignment made despite that partial payment, but subject to a sort of recall in the event petitioner (and one other) paid within a few hours of notification on the same day and subsequent to the assignment. Yet payment tendered the following day is claimed to have been tendered too late. Notwithstanding the supposedly completed assignment it appears that Nor-Shire still retained the documents thereon, together with the funds put up by Strassberg.

Assuming the facts set forth by Nor-Shire we are still left with the intriguing proposition that one third had actually been received, and that when petitioner was given a last chance his share was perhaps the only one outstanding. Where this leaves Strassberg, who bought the total obligation, is impossible to determine. However, as to petitioner, the issue is simply

'whether satisfaction was unconscionably refused. The statute allows the proceeding to insist upon the making payment as of '' the time that payment thereof is entitled to be made '' (Real Property Actions and Proceedings Law, § 1921). The abortive attempt to have the debt and mortgages wholly satisfied is initially conceded. Despite the somewhat exasperating confusion surrounding the nature of the informal agreement to permit complete liquidation of the debt it does appear that petitioner was '' entitled '' to make the payment tendered based upon the apportionment of the debt by Nor-Shire. When tender was made by petitioner it was *willfully* refused. Was it *unjustifiably* refused?

We find Nor-Shire may not be stuck with the results which might otherwise have been expected to flow from its extraordinary vacillation. It is not denied that Pesce's payment one day earlier than offered would have prevented the presumably completed assignment. The sale of the obligation is just barely available as a basis for the refusal of tender the next day. However, inasmuch as we are required to construe the statute narrowly, the slim possibility of petitioner's not being entitled to satisfy when he offered to pay suffices to defeat the application.

Strassberg's offhand request for an order to compel delivery of the papers he bought is not properly before us in this proceeding. The application is denied.