■ In the Matter of JOSHUA ASSOCIATES, Appellant; FANNIE KLEIN, Respondent. — Order of Supreme Court, New York County (Hilda G. Schwartz, J.), entered November 30, 1983, granting reargument and adhering to an original order denying the petition and dismissing this proceeding, unanimously modified, on the law and the facts, and the petition is granted to discharge the mortgage upon payment of the balance due thereon, and otherwise affirmed, with costs to petitioner. The amount due on the mortgage should be set forth in an order to be settled.

Petitioner's assignor purchased the property in question by contract from respondent's husband in 1980. Respondent had acquired the mortgage on this property by unrecorded assignment six years earlier, at a time when the balance due was $35,318.88. Petitioner's assignor was unable to obtain title without suing the seller for specific performance. A judgment directing conveyance of title was affirmed unanimously by this court, without opinion (*Edelstein v Klein,* 86 AD2d 782, mot for lv to app den 56 NY2d 504). Even then, respondent's husband resisted the judgment by bringing his own suit to invalidate the

underlying contract of sale on grounds of fraud (dismissed on the grounds of *res judicata*), and then continuing to refuse to turn over the property until petitioner's assignor was able to obtain a court order directing the Sheriff to execute a deed in the purchaser's name.

At the closing, the balance due under the contract, including an amount sufficient to satisfy any balance on the subject mortgage, was deposited in escrow with the Title Guarantee Company, pursuant to court order. When respondent thereafter ignored petitioner's written offer to tender the balance due on the 1970 mortgage, petitioner followed through on its promise to commence the instant action for a satisfaction piece. RPAPL 1921 (subd 1) provides that where a mortgagor tenders payment of the balance and accompanying fees due on a mortgage, the mortgagee "must execute * * * such satisfaction piece, and thereupon deliver the same and the mortgage to the person making such tender of payment". Failure or refusal to comply with this provision will subject the mortgage to cancellation and discharge, on application to a Supreme Court Justice and deposit of the mortgage balance due with an officer appointed by the court (RPAPL 1921, subd 2).

Special Term denied the petition for failure to show petitioner's entitlement to make full payment of the mortgage at that time, ruling that in order to obtain cancellation or discharge of a mortgage under RPAPL 1921 (subd 2), petitioner would have to show that the mortgagee had "wilfully and unjustifiably refused to satisfy the mortgage", and had failed to do so.

The record in this proceeding adequately demonstrates the futile efforts by petitioner and its assignor to satisfy the mortgage held by respondent. Technically, respondent's intransigence takes the form only of ignoring petitioner's tender offer to pay the mortgage. However, this must be viewed as a continuation of the conduct of respondent's husband in attempting to frustrate the conveyance of this property to petitioner's assignor. The meritless defense and appeals in the specific performance litigation, the initiation of an equally meritless action to attack the contract of sale on grounds of fraud, and the ignoring of a judgment directing conveyance, necessitating a court-ordered Sheriff's execution, can only be viewed as willful and unjustifiable refusal (cf. *Matter of Pesce v Nor-Shire Assoc.*, 52 Misc 2d 908). In the face of such conduct, petitioner's bona fide offer to satisfy the mortgage (cf. *Geary v Dade Dev. Corp.*, 29 NY2d 457) must be viewed as a sufficient predicate for relief under RPAPL 1921 (subd 2). Under the circumstances, further

entreaties on petitioner's behalf would be futile (*Matter of Rosenfeld* [*Savings Bank*], 173 Misc 667, 668, affd 259 App Div 1025). Settle order. Concur — Kupferman, J. P., Sullivan, Asch and Fein, JJ.