OPINION OF THE COURT
David B. Saxe, J.
This is a motion by nonparty movant Surie Holding Company, the title owner of premises at 207th West 110th Street, *685 New York City. The parties herein are, respectively, plaintiff mortgagee and defendant mortgagor. The underlying cause of action is for mortgage foreclosure against the premises. Having received a deed to the premises, the agent of movant Surie tendered a certified check payable to the order of plaintiff on January 20, 1988, in the sum of $223,632. Plaintiff, although appearing in opposition to the instant motion, does not dispute that this sum was the amount due to satisfy the mortgage, as previously determined by ¿ Referee, appointed by prior court order, dated June 3, 1985.
In consideration of the tender of this sum as aforesaid, movant demanded that the plaintiff execute an assignment of the consolidated mortgage to the movant pursuant to the authority of Real Property Law § 275. Plaintiff has failed and refused to comply with this demand and the movant seeks an order of this court compelling plaintiff to do so.
"Section 275 of the Real Property Law * * * clearly provides for the execution and delivery by the owner and holder of a mortgage of an assignment of a mortgage which has become due and payable, after a demand therefor has been made and the full amount of principal and interest due has been tendered or paid, without any other considerations being taken into account.” (Albany Sav. Bank v Fairchild, 276 App Div 297, 299.)
At the outset, plaintiff opposes the relief sought by movant on the grounds that the equitable relief sought by movant is barred by its unclean hands. Specifically, plaintiff alleges that the process by which movant became the title owner of the property is fraught by bad faith and deception, in that movant has participated in a scheme to enable its predecessor in title to the premises to avoid compliance with a previous contract of sale to plaintiff as purchaser. Plaintiff, in fact, has commenced a separate cause of action for specific performance, and to set aside the allegedly fraudulent conveyance to movant. Plaintiff, therefore, is referred to its cause of action for fraudulent conveyance for such remedies as are available therein. It has been held, however, that equitable considerations are not taken into account in an application pursuant to Real Property Law § 275, and that strict compliance with the statute is required, so long as the full amount of the mortgage due, plus reasonable costs, is tendered to the mortgagee (Albany Sav. Bank v Fairchild, supra, at 299).
*686 Further, plaintiff asserts that movant has no standing to bring this application, in that movant is not the true "owner” of the property. However, movant has furnished evidence of deed to the premises with movant as grantee, properly recorded, and evidence of insurance by a reputable title company of movant’s interest as the current fee owner of the premises. Thus, movant has sufficiently established its ownership interest for the purposes of standing to bring the instant application, whatever the outcome of the cause of action to set the deed aside. Further, plaintiff alleges that, inasmuch as the money for the satisfaction of the mortgage is being provided by one Rausman, another nonparty, rather than directly by movant, the movant can have no standing to seek the relief request herein. This is nonsense. "The only interest the [mortgagee] has is to receive all that is coming to it upon the bond and mortgage and to be reimbursed for the costs of the action.” (Supra, at 299-300.) Accordingly, the ultimate source of the funds supplied to tender payment for the assignment has no relevancy whatever, so long as the funds are tendered in full.
Plaintiff erroneously contends that Real Property Law § 275 provides no remedy for compelling such an assignment. "[0]ne having an interest in real property, the subject of a foreclosure action, may make a motion, under section 275, within the foreclosure action. He is not forced to assert his remedy in a separate action or by way of answer in the foreclosure suit.” (Supra, at 299.) Matter of Rosenfeld v Savings Bank (173 Misc 667, affd 259 App Div 1025), relied upon by plaintiff, appears to support exactly the opposite conclusion, finding the power of enforcement in the plenary powers of a court of record (Matter of Rosenfeld v Savings Bank, 173 Misc 667, 669, supra).
Accordingly, the motion by movant is granted to the extent that within 10 days of service of a copy of the order herein, with notice of entry, the plaintiff is directed to execute and deliver to the person named by the movant an assignment of the mortgage which is the subject of this action, without recourse, as provided by statute, upon delivery of the sum originally tendered on January 20, 1988. If the movant makes *687 such tender and the plaintiff still refuses to comply, then the movant may submit an ex parte order, accompanied by an affidavit alleging noncompliance. Such ex parte order shall provide that the underlying foreclosure action herein shall be discontinued and the lis pendens relating thereto shall be canceled.