■ 51 FIFTH AVENUE OWNERS CORP., Respondent, v CORONET PROPERTIES COMPANY, Appellant. [604 NYS2d 950] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered September 9, 1992, which granted petitioner's application pursuant to RPAPL 1921 to cancel and discharge its mortgage with respondent, unanimously affirmed, with costs.

Paragraph 43 of the parties' wraparound mortgage plainly provides that it is to be "deemed satisfied" if respondent (i.e., the mortgagee-sponsor) fails to make "any payment" on the underlying mortgage and such "default" is not cured within the "applicable grace period". The "applicable grace period" having been left undefined the main issue concerns its duration. We reject respondent's contention that the grace period was intended to extend until the commencement of foreclo-

sure proceedings, if any, on the underlying mortgage. The language of paragraph 43, which is mandated by 13 NYCRR 18.3 (s) (10) (ii), strongly implies that expiration of the grace period was to be an event distinct from and prior in time to the commencement of any such foreclosure proceedings, by permitting, but not requiring, reinstatement of the mortgage if *inter alia,* respondent cured its default before commencement of any such foreclosure proceedings. Respondent's construction is also to be avoided since it would leave petitioner (i.e., the mortgagor-cooperative corporation) with no remedy against respondent's defaults unless a third party, the underlying mortgagee, took the extreme step of foreclosing on its own mortgage. Absent a specified period of time, a reasonable time is to be implied *(Greenfield v Etts Enters.,* 177 AD2d 365). The year that elapsed between respondent's default and petitioner's commencement of this proceeding more than satisfies this requirement of reasonableness. Accordingly, petitioner is entitled to relief pursuant to RPAPL 1921 *(see, Matter of Joshua Assocs. [Klein],* 104 AD2d 334, 335). We have considered respondent's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.