■ 405 WEST 57TH STREET OWNERS CORP., Respondent, v CORONET PROPERTIES COMPANY, Appellant, et al., Defendants. 885 W.E. RESIDENTS CORP., Respondent, v CORONET PROPERTIES COMPANY, Appellant, et al., Defendants. [616 NYS2d 585] —Order and judgment (one paper), Supreme Court, New York County (Peter Tom, J.), entered on or about November 19, 1992, which, *inter alia,* adjudged and declared that a certain wrap-around mortgage be satisfied and discharged, unanimously affirmed, without costs or disbursements.

Order and judgment (one paper), Supreme Court, New York County (Peter Tom, J.), entered on or about November 19, 1992, which, *inter alia,* adjudged and declared that a certain wrap-around mortgage be satisfied and discharged, unanimously affirmed, without costs or disbursements.

The wrap-around mortgages at issue, which were executed in connection with the sales of different premises as part of various cooperative conversions, contain identical clauses, inserted at the direction of the Attorney-General's Office, pursuant to duly promulgated regulations, which provide that in the event of the mortgagee's default in payment on the underlying mortgages, the wrap-around mortgages shall be deemed satisfied. Under these circumstances, defendant cannot be permitted to rely on a special provision of each wrap-around mortgage stating that the plaintiff mortgagors' "sole remedy" shall be to advance the funds to pay the underlying mortgage, and receive a credit therefor. To so interpret the wrap-around mortgages, where a contrary intent is expressed in the clause inserted at the direction of the Attorney-General acting under his lawful authority, would be contrary to the dictates of public policy, and would violate the intent and understanding of the parties, as well as pervert the statutory scheme of informed disclosure *(Council for Owner Occupied Hous. v Abrams,* 72 NY2d 553, 557).

By its terms, defendant's default must result in the mortgage being deemed satisfied *(see, 51 Fifth Ave. Owners Corp. v Coronet Props. Co.,* 199 AD2d 62; *Gregory House Owners Corp. v Coronet Props. Co.,* 207 AD2d 695 [decided herewith]). Defendant cannot avail itself of the savings provision which provides that if the mortgagee "becomes current," the wrap-around mortgage may be "reinstated". Defendant has made no tender and taken no steps to cure its default. Absent any contractual provision setting forth a time by which defendant

might cure the default, the law must presume a reasonable time therefor. Given the passage of more than three years since the default, the cure period must be presumed to have expired as a matter of law *(see, 51 Fifth Ave. Owners Corp. v Coronet Props. Co., supra)*. Concur—Sullivan, J. P., Asch, Rubin and Williams, JJ.