■ SUZANNE M. USHER, Respondent, v. DAVID A. USHER, Appellant.— Appeal from an order of the Family Court, Tompkins County, entered August 27, 1971, and from an order of said court, entered March 26, 1973, denying modification thereof. The parties, both aliens, were married in New Zealand on December 10, 1960. They resided in England from 1960 to 1963 when they came to the United States. They resided together in Tompkins County from 1965 until May 28, 1971 when appellant, a professor, left the United States for England on a sabbatical leave from Cornell University. On August 19, 1971, respondent and the two children of the marriage moved to New Zealand. About one year before they separated, they purchased a home at Ithaca, New York for $56,150. On August 6, 1971, respondent commenced a proceeding in the Family Court, pursuant to article 4 of the Family Court Act, to obtain support for herself and the two children. In her petition, respondent also requested that the question of custody be handled by the court, and that appellant be responsible for transportation of petitioner and the children to New Zealand. Appellant was served with the summons in Tompkins County, but returned to England prior to the hearing. On August 27, 1971, the Family Court made an order directing appellant to pay the sum of $450 per month commencing September 1, 1971 toward the support of his wife and children; the sum of $500 counsel fees in the proceeding in monthly installments of $45 commencing September 1, 1971; and the sum of $952 for moving expenses to New Zealand in monthly installments of $85 commencing September 1, 1971. The order further provided that the monthly payments were to be made in

two installments on the first and fifteenth days of the month directly from the Payroll Office of Cornell University in accordance with a payroll deduction order. On September 28, 1971, appellant's attorney filed a notice of appeal from that order. On August 4, 1972, appellant petitioned the Family Court for an order modifying the August 27, 1971 order on the ground that the order was based on the contemplation that the house would be sold, and that the house not having been sold, it was impossible for him to comply with the order. The Family Court, after a full hearing on the question of the amount of support, denied appellant's application for a reduction in the amount of the support payments. Appellant also appeals from that order. Appellant now contends that the support award should not exceed $250 per month; that his salary should not have been attached; that removal expenses and counsel fees should not have been awarded against him; and that respondent should not have removed the children from the jurisdiction. Appellant was earning $17,000 per annum prior to deduction for taxes. The court awarded the sum of $5,400 per annum for the support of his wife and two children, which is less than one third of his gross income. The court, in arriving at this amount, gave due consideration to the circumstances of the parties and appellant's means and, in our opinion, the award meets the test of a fair and reasonable sum. (Family Ct. Act, §§ 412, 413.) The court properly considered the moving expenses and counsel fees and awarded the same. (Family Ct. Act, § 416.) Section 49-b of the Personal Property Law authorizes the court, in its discretion, to order direct deduction by the employer in support cases. At the time the court ordered such deduction, appellant was residing in England while his salary was being paid at Ithaca, New York. Under the circumstances, the court properly exercised its discretion in issuing the order, thus avoiding delays in transmittal of the support payments to the respondent in New Zealand. Appellant failed to establish that there was any change in circumstances to justify a modification of the original support order. (*Gutillo* v. *Gutillo*, 30 A D 2d 484.) Orders affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.