BENNY GUGGENHEIM, Appellant, v. HERMANN LIEBER et al., Respondents.— In an action to compel defendants to deliver a deed to plaintiff and for partition and an accounting, plaintiff appeals from so much of a judgment of the Supreme Court, Queens County, dated January 8, 1970, as adjudged that plaintiff is not entitled to a deed or partition. Judgment reversed insofar as appealed from, on the law and the facts, without costs, and case remitted to Special Term for the making and entry of an amended judgment including a provision directing defendants to execute and deliver to plaintiff a deed to an undivided half-interest in the real property described in the complaint and directing partition and sale of the property. From 1947 to the end of 1949 plaintiff, a citizen and resident of Switzerland, sent moneys to defendants in New York to invest and hold for him. Defendants acknowledge receipt of such moneys and for the most part deposited such sums, with plaintiff's consent, in various savings accounts in their names in trust for plaintiff. Defendants concede that they had no authority to make any investment without plaintiff's consent, save for depositing the various sums sent in bonds or savings accounts and the like. In July, 1955 plaintiff, upon defendants' invitation, agreed to contribute from the moneys sent by him to defendants half of the sum required for the joint purchase of improved real property in Queens County, defendants contributing the other half. On August 13, defendant Hermann Lieber wrote to plaintiff in Switzerland requesting instructions about the form of record ownership and title. On August 15, before plaintiff received the August 13th letter, defendants took title to the property in their own names. When plaintiff eventually responded to the August 13th letter, he made various suggestions concerning title, mentioning the possibility of forming a corporation. In that response plaintiff advised defendant Hermann Lieber to secure legal advice in an effort to ascertain the most advantageous manner of taking title to the property. In late December of that same year, since defendants had still not responded to his letter, plaintiff again wrote to Hermann Lieber inquiring as to the most efficacious way of taking title to the real property. In January, 1956 defendant Hermann Lieber responded. He informed plaintiff that he had been advised against the use of the corporate form for the holding of title and invited plaintiff to send defendants a draft of a written agreement stating the parties' interests. At this point, however, further correspondence with respect to title ceased, although it appears from the record that the parties at all times considered themselves equal partners with respect to the Queens property, and during the period 1955-65 plaintiff received from defendants sums computed by them as plaintiff's half-share of the property's net proceeds. In 1965, coincident with the commencement of divorce proceedings between plaintiff and his wife (whose sister is one of the defendants), plaintiff sought to end his financial arrangement with the Liebers. It is significant to note that around this time defendants also ceased remitting to plaintiff any of the profits from the Queens property. When plaintiff's formal demand of defendants for a deed which would legally establish plaintiff's half-interest in the property was rejected, plaintiff brought the instant action. In our opinion, under the facts of this case, the doctrine of constructive trust clearly applies. Not only was the necessary confidential relationship present, but the correspondence between the parties, which was introduced into evidence, clearly reveals at the very least an implied promise by defendants to convey to plaintiff

at the latter's request his half-interest in the Queens property. Indeed, in both defendant Hermann Lieber's letter of June 28, 1955 and that of August 13, 1955, he informed plaintiff that the joint purchase was to be in the nature of a partnership, with equal interests to defendants and plaintiff, and even insisted that the interests be legally documented in some manner so that their half-interests could be passed to their heirs. Under the circumstances, we are of the opinion that defendants should be declared equitable trustees and compelled to return plaintiff's half-interest which defendants have wrongfully taken (see *Wood* v. *Rabe*, 96 N. Y. 414; *Towner* v. *Berg*, 5 A D 2d 481; *Shapolsky* v. *Shapolsky*, 53 Misc 2d 830). We are in disagreement with Special Term insofar as it concluded that there existed in defendants with respect to the Queens property a "power coupled with an interest" and that, accordingly, plaintiff is not entitled to a judgment directing defendants to execute and deliver a deed of a 50% interest in the property or to a partition of the property. Such a conclusion in the instant case was predicated upon Special Term's finding that the instant parties voluntarily vested legal title in defendants. We find, however, that defendants have expropriated legal title to the entire Queens property in derogation of an understanding between the parties that equal shares be created. Finally, it is necessary to state that we are in agreement with Special Term's rejection of defendants' argument to the effect that relief be denied plaintiff because of the so-called equity doctrine of "unclean hands". Defendants point out that plaintiff was attempting to avoid the payment of Swiss taxes by his various investments in this country. Suffice it to say in this regard that Special Term properly noted that there was no evidence of any tax owed to any government (see *Valenti* v. *Valenti*, 279 App. Div. 677). Munder, Acting P. J., Martuscello, Shapiro and Christ, JJ., concur. Brennan, J., dissents and votes to affirm the judgment insofar as appealed from.