■ JIRINA FISHMAN, Appellant, v MORTON FISHMAN, Respondent.—In a matrimonial action, the plaintiff wife appeals from so much of a judgment of divorce of the Supreme Court, Nassau County, dated April 8, 1976, as, *inter alia,* (1) awarded child support in the amount of only $85 per week, (2) directed the plaintiff to reconvey title to the marital premises to the parties and (3) denied her application for additional counsel fees. Judgment modified, on the facts, by (1) increasing the amount awarded as child support to $115 per week and (2) deleting from the sixth decretal paragraph thereof the amount "$1,000" and substituting therefor the amount "$1,150". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The time within which defendant shall pay the additional $150 counsel fee is extended until 20 days after entry of the order to be made hereon. We find the award of $85 per week as child support inadequate to the extent indicated herein. Regarding the marital home, the

record indicates that the defendant-respondent, upon entering into a dentistry partnership, conveyed title to plaintiff, on the advice of counsel, in order to protect his family from any claims which might arise during the course of the partnership. He did not have any debts or claims pending in the partnership. Under such circumstances, it is well settled that the doctrine of "unclean hands" will not bar the husband from seeking equitable relief, since he did not seek to defraud any existing or future creditors. Rather, the transfer was made solely to keep the property free of claims which might arise out of the partnership (see *Pagano v Pagano,* 207 Misc 474, affd 2 AD2d 756, mot for lv to app den 2 NY2d 708). As to the denial of additional counsel fees, Special Term determined that the wife, a practicing psychiatrist, could well afford the said fees and thus properly exercised its discretion. However, it erroneously ordered the payment of only $1,000 in previously ordered counsel fees, since the record reveals that there was a second order granting her an additional $150 over and above the first $1,000. Lastly, no error was committed by Special Term in permitting the husband to purge himself of substantial arrearages, at the rate of $25 per week, notwithstanding that the default was deliberate. Under the circumstances, and in light of the substantial income of the wife, such determination constituted an appropriate exercise of discretion (see Domestic Relations Law, § 244). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.