■   In the Matter of KATHLEEN LA BATE, Respondent, v THOMAS J. LA BATE, Appellant.—Appeal from an order of the Family Court of Chemung County, entered April 16, 1976. The sole question presented for our consideration on this appeal is whether or not the support payment ordered was fair and reasonable in the light of the existing circumstances and within the appellant's means. The parties were married in 1968 and, as a result of this union, three children, now approximately nine, seven and six years of age, were born. The parties separated in November of 1975 and the children reside with the mother. A temporary order calling for the payment of $120 each week for the support of the wife and children was obtained. After the filing of a notice of appeal from that order, a hearing was held on March 15,

1976, after which and on April 13, 1976, by a permanent order, the Family Court directed that the appellant pay the sum of $115 each week, commencing April 13, 1976 and continuing until August 20, 1976 when the payment would automatically increase to $140 per week. In addition, appellant was to pay all medical, dental and hospital bills incurred by the family. Appellant is employed by Morris Chain of Ithaca, New York, and his gross salary is in the sum of $257.74 each week. However, in addition to the usual social security and tax withholdings, there are also deductions made to cover car financing, insurance and repayment of loans with the result that the gross weekly income is reduced to a net income of approximately $180 per week. Appellant contends that Family Court improvidently exercised its discretion. We agree. In determining support, the court must give due consideration to the circumstances of the parties, including, of course, the appellant's means (Family Ct Act, §§ 412, 413; see *Usher v Usher,* 42 AD2d 807). While the record here is sketchy and somewhat confusing, it is clear that the court refused to consider the appellant's debts and obligations or speculated that payment thereon could be reduced or delayed. There is inadequate proof to support either of these conclusions in this record. It is well settled that debts must be considered in fixing alimony or child support. Accordingly, the order must be reversed and the matter remitted to the Family Court for the development of all factors to be considered. Order reversed, on the law and the facts, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.