■ JOSEPHINE KOHLER, Appellant, v KORIBA, INC., Respondent, et al., Defendants.—Appeal by petitioner, a judgment creditor, from an order of the Supreme Court, Orange County, dated April 16, 1980, which denied her application pursuant to CPLR 5225 for a turnover order. The appeal brings up for review so much of a further order of the same court, dated June 3, 1980, as, upon reargument and renewal, adhered to the original determination. Appeal from the order dated April 16, 1980 dismissed as academic, without costs or disbursements. That order was superseded by the order dated June 3, 1980. Order dated June 3, 1980 affirmed insofar as reviewed, without costs or disbursements. In a separate proceeding commenced by Ralph Risio against, *inter alia,* petitioner's husband and Koriba, Inc., a preliminary injunction was granted against Mr. Kohler. Petitioner may not use the present turnover proceeding to undermine or evade the injunction issued against her husband. Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.

■ MARY L. McKAY, Respondent, v DENNIS J. McKAY, Appellant.—In an action for divorce, defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, entered January 18, 1978, as (1) dismissed his counterclaim for divorce, (2) awarded custody of the parties' minor child to the plaintiff, (3) awarded alimony and child support to the plaintiff, and (4) awarded exclusive possession of the marital residence to the plaintiff. Judgment affirmed insofar as appealed from, with costs. Special Term correctly dismissed defendant's counterclaim for divorce based on cruel and inhuman treatment and granted plaintiff a divorce on the same ground. The court did not find any conduct on the part of the plaintiff which would make it unsafe or improper for the defendant to continue to cohabit with her and, on the record before us, we agree. Moreover, as the trial court possesses wide discretion to determine the issue of cruel and inhuman conduct, such determinations will not be lightly overturned by this tribunal (see *Arnold v Arnold,* 52 AD2d 546). We have considered defendant's contentions regarding the award of custody of the infant child, the granting of alimony and child support, and the award of exclusive possession of the marital residence to the plaintiff, and have found them to be without merit. Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.

■ JAMES P. MELTON, Respondent, v TOWN OF ISLIP, Appellant.—Judgment of the Supreme Court, Suffolk County, entered September 10, 1979, affirmed, with costs, on the opinion of Mr. Justice Baisley at Trial Term. Damiani, J. P., Gulotta, Martuscello and O'Connor, JJ., concur.