■ In the Matter of MARIE L. BUCHER, Respondent, v KONRAD BUCHER, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from: (1) an order of the Family Court, Nassau County, entered March 31, 1980, which, after a

hearing, directed him, *inter alia,* to pay $200 per week for the support and maintenance of petitioner and the parties' minor child; (2) a further order of the same court, entered May 2, 1980, which, after a hearing, *inter alia,* denied his motion to vacate the afore-mentioned order, and (3) a third order of the same court, dated May 22, 1980 which granted counsel fees to petitioner in the sum of $150. Order entered March 31, 1980 modified, on the facts, by reducing the amount of support from $200 to $150 per week. As so modified, order affirmed, without costs or disbursements. Orders entered May 2, 1980 and dated May 22, 1980, respectively, affirmed, without costs or disbursements. Under the circumstances disclosed by the record, the amount awarded for the support of the wife and child was excessive to the extent indicated. It appears from the record that the trial court, in awarding support and maintenance, did not properly balance the wife's and child's needs and the wife's independent means with the husband's ability to pay. The trial court can, and indeed must apportion such costs in accordance with the parties' respective means and responsibilities *(Matter of Carter v Carter,* 58 AD2d 438). Titone, J. P., Mangano, Gulotta and Weinstein, JJ., concur.