■ Diana Farino, as Administratrix of the Estate of Fiore Farino, Deceased, Respondent, v Joseph Farino, Appellant. — In an action, *inter alia,* to impress a constructive trust and compel the reconveyance of certain shares of stock, defendant appeals from an order of the Supreme Court, Nassau County (Burstein, J.), dated January 28, 1981, which denied his motion for summary judgment. Order reversed, on the law, without costs or disbursements, motion granted, and complaint dismissed. By her verified complaint, the plaintiff alleges that while her late husband "was estranged from his then wife * * * and embroiled in matrimonial litigation, which litigation ultimately resulted in a judgment of divorce," and "in an effort to minimize his financial situation so as to reduce any property and/or alimony award to his then wife * * * [her husband] concealed his assets by transferring them to others"; that, on or about January 30, 1970, he endorsed the subject shares of stock to the defendant, his brother, "with an intent, and pursuant to a promise by defendant, Joseph Farino, to endorse back to [the decedent] following resolution of his marital litigation and upon request." The allegations of the complaint represent a nefarious transfer and agreement to reconvey the stock as part of an immoral scheme to defraud the intestate's former spouse. In declining to afford equitable relief, under such circumstances, the court, in *Bascombe v*

*Sargent* (195 Misc 328, 329-330), held: "The conduct of the plaintiff in concealing his assets for the purpose of escaping the enforcement of his obligation to support his wife, is as much contrary to good morals, sound public policy, and the spirit and letter of our laws, as is the concealment of assets of a debtor for the purpose of defeating the just claims of his creditors; neither is entitled to the aid of a court of equity." To discourage and deter such immoral conduct, the maxim applies not only to the immediate participants in the transaction, but also to those claiming through or under them such as the heirs of the transferor (30 CJS, Equity, § 96, p 1029). Thus by her own admissions, as set forth in the complaint, the plaintiff does not come into court with "clean hands" (see *Hines v Hines,* 8 AD2d 804; *Palumbo v Palumbo,* 55 Misc 2d 264, 265-266). Relief is denied under the "clean hands" doctrine, "not as a protection to a defendant, but as a disability to the plaintiff" (*Reiner v North Amer. Newspaper Alliance,* 259 NY 250, 256), and as a matter of public policy in order to protect the integrity of the court (*Pattison v Pattison,* 301 NY 65). Special Term erred in holding that the defendant's failure to show injury warranted a denial of his motion. Where, as here, an action is brought to compel the reconveyance of property which, admittedly, was transferred with intent to defraud the decedent's former spouse, the basis of such suit is immoral and one to which equity will not lend its aid. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.