■ In the Matter of KAREN KATZENBERG, Respondent-Appellant, v HARVEY B. KATZENBERG, Appellant-Respondent. — In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals (1) from so much of an order of the Family Court, Queens County (Fogarty, J.), dated December 21, 1981, as, after a hearing, (a) continued a prior support order which directed him to pay the petitioner wife $269 per week for alimony and child support and (b) directed him to pay $100 per week for arrears which the court set at $1,603 as of October 23, 1981, and (2) from so much of a further order of the same court, dated January 26, 1982, as (a) denied his motion pursuant to CPLR 4404 (subd [b]) to set aside the court's determination of December 21, 1981, or, in the alternative, for a new trial, (b) continued the support of $269 per week, and (c) directed him to pay $100 per week for arrears set at $3,129 as of January 26, 1982. Petitioner cross-appeals from so much of the order dated December 21, 1981, as referred her application for a counsel fee to the Supreme Court to be decided as part of the parties' divorce action. Order dated December 21, 1981 reversed and order dated January 26, 1982 reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court for further proceedings consistent herewith. In the interim, the husband is to continue to pay support of $269 per week. The December 21, 1981 decision of

the Family Court fails to specifically set forth its basis for continuing the award to the petitioner wife of $269 per week for alimony and child support and directing the husband to pay an additional $100 per week for arrears. An examination of the record indicates that the Family Court may not have properly balanced the needs of the wife and the parties' three children and the wife's ability to contribute to the support of herself and the children, with the husband's current ability to pay (see Family Ct Act, §§ 412, 413; *Matter of Bucher v Bucher,* 79 AD2d 656; *Matter of La Bate v La Bate,* 62 AD2d 1068). In determining the ability of the husband to provide support, the court should consider not only his net income from employment, but his actual reasonable living expenses, as well as his current debts, and whether such obligations were reasonably incurred by him (see *Matter of La Bate v La Bate, supra*). Further, section 458 of the Family Court Act gives the Family Court discretionary power to reduce or cancel any outstanding arrears due on the prior support order. In setting an amount of arrears and any installments to be paid thereon, the Family Court should consider the parties' current financial circumstances, as well as any willful frustration of the husband's visitation rights which might have warranted a reduction or cancellation of the outstanding arrears (see *Kaplan v Kaplan,* 75 AD2d 885; *Abraham v Abraham,* 44 AD2d 675, 676; *Matter of Pavich v Pavich,* 24 AD2d 482). Moreover, the Family Court should determine whether the wife is entitled to the award of a counsel fee in regard to the proceedings before it (see Family Ct Act, § 438; *Matter of Barnes v Barnes,* 54 AD2d 963). Accordingly, a further hearing should be held on the issues of support for the wife and children, arrears and a counsel fee, and the Family Court shall make a determination *de novo* on said issues, setting forth with specificity the basis for its determinations. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.