■ BETTY J. MUSCARELLA, Respondent, v LOUIS MUSCARELLA, Appellant. (Appeal No. 1.) — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant husband appeals from a judgment which, among other things, denied his counterclaim for divorce based upon cruel and inhuman treatment, required him to pay $90 per week in support to his wife and son and imposed a constructive trust on all of his real property. A trial court possesses wide discretion to determine the issue of cruel and inhuman treatment and such determinations will not be lightly overturned on appeal (*Davis v Davis,* 83 AD2d 547; *McKay v McKay,* 78 AD2d 676). We have previously held that a divorce will not be granted simply because a marriage is "dead" (*Kennedy v Kennedy,* 91 AD2d 1200); the spouse seeking a divorce on the basis of cruel and inhuman treatment must establish a course of conduct which actually endangers his/her physical or mental health (*Hessen v Hessen,* 33 NY2d 406; *Buckley v Buckley,* 93 AD2d 973; *Kennedy v Kennedy, supra; Pajak v Pajak,* 85 AD2d 923, affd 56 NY2d 394). In denying defendant's counterclaim, the trial court found that plaintiff's actions did not rise to the necessary level to constitute cruel and inhuman treatment and the record supports such a finding. Defendant contends that a constructive trust should not have been imposed on all of his real property. Plaintiff and defendant owned their first marital premises jointly. In order to avoid liability on a debt owed by plaintiff's family business and personally guaranteed by her, plaintiff transferred her one-half interest in the marital premises to defendant with the understanding that he would reconvey it to her at a later time. Where an action is brought to compel reconveyance of property which admittedly was transferred with the intent to defraud a legitimate creditor, the basis of such a suit is immoral and one to which equity will not lend its aid (*Farino v Farino,* 88 AD2d 902; *Janke v Janke,* 47 AD2d 445, affd 39 NY2d 786; see, also, *Fishman v Fishman,* 57 AD2d 606; *Guggenheim v Lieber,* 42 AD2d 778). Although neither party raised the issue of unclean hands or illegality, this court is not precluded from raising

the issue *sua sponte* for the first time on appeal (*Janke v Janke, supra; O'Mara v Dentinger,* 271 App Div 22, 33). Accordingly, since plaintiff was admittedly attempting to defraud an existing creditor, the unclean hands doctrine precludes her claim for equitable relief in the form of a constructive trust. Defendant also contends that the court abused its discretion in ordering him to pay a total of $90 per week in support, $65 in alimony and $25 child support. When determining support payments, the husband's need to have money to live on after payments are made must be taken into account (*Colabella v Colabella,* 86 AD2d 643; *Bruno v Bruno,* 51 AD2d 862, mot for lv to app den 39 NY2d 706; *Hoffman v Hoffman,* 47 AD2d 994). His debts and obligations must also be considered (*Matter of La Bate v La Bate,* 62 AD2d 1068). Furthermore, the court is statutorily required to consider the spouse's ability to be self-supporting (Domestic Relations Law, § 236, part A, subd 1; see *Shanahan v Shanahan,* 80 AD2d 738). The judgment from which defendant appeals fails to specifically set forth the basis for the support award of $90 per week in alimony and child support. Defendant currently earns $125 per week in disability payments and was ordered to pay all the expenses on the premises and to maintain medical, dental and car insurance for his wife and son. According to his testimony at trial, he has outstanding debts which require payments of over $1,400 monthly. An examination of the record indicates that the court may not have properly balanced the needs of the wife and child and the wife's ability to contribute to the support of herself and child with the husband's current ability to pay (see *Matter of Katzenberg v Katzenberg,* 88 AD2d 914; *Davis v Davis,* 83 AD2d 547, *supra; Shanahan v Shanahan,* 80 AD2d 738, *supra*). Accordingly, we must remit this matter to the trial court to determine both plaintiff's and defendant's expenses, plaintiff's ability to be self-supporting and defendant's current ability to pay in light of his outstanding obligations and financial resources. We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Cook, J. — divorce.) Present — Dillon, P. J., Callahan, Denman, Boomer and Moule, JJ.