■ In the Matter of ANTOINETTE DE NICOLA, Respondent, v ERNEST DE NICOLA, Appellant. — In a support proceeding pursuant to Family Court Act article 4, the appeal, as limited by the appellant's brief, is from so much of an order of the Family Court, Nassau County (Loewy, J.), entered October 17, 1983, as, after a hearing, directed him to pay the sum of $152 per month for the support of the petitioner wife, and ordered him to make the monthly mortgage payment of $245.

Order modified, on the law, by adding to the first decretal paragraph thereof, after the words "effective October 1, 1983", the words "up to and until February 4, 1985 and thereafter the respondent is directed to pay the sum of $100 per month for the support of petitioner", and by adding to the second decretal paragraph thereof, after the words "presently in the amount of

$245.00", the words "up to and until February 4, 1985, upon which date such obligation shall cease". As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

By order of the Family Court, Nassau County, dated January 28, 1975, the appellant husband was ordered to pay $10 per week to the respondent wife through the court's Support Collection Unit, as well as to pay all of the household bills and utilities. The husband admittedly had not paid the $10 through the Support Collection Unit, but rather maintained that he paid even more than that amount directly to the wife, unaware that he was supposed to make his payments through the court. The husband filed a petition to vacate the order and cancel any arrears. The wife subsequently filed a petition for an increase in the prior support order and, at a later date, filed another petition alleging a violation of that prior order and seeking arrears in the amount of $4,400. A consolidated hearing was held to consider all three petitions. In the interim, pursuant to a Family Court order of protection dated August 31, 1982, the husband was directed to remove himself from the marital home.

After the hearing, the Family Court, by order entered October 17, 1983, determined that there were no arrears due pursuant to the prior support order, and modified that prior order so as to direct that the husband pay the wife the sum of $152 per month for her support, and to pay directly to the mortgagee the monthly mortgage payment on the marital premises, then in the sum of $245 per month. In addition, the husband was directed to provide health and hospitalization coverage for the wife through his former employer. The husband has appealed from so much of the order entered October 17, 1983 as required him to make the support and mortgage payments. We now modify that order by reducing his future obligation to provide support payments to the wife to the sum of $100 per month, and by canceling his future obligation to provide the mortgage payment. Both modifications are effective as of the date of this decision. The wife may retain all support payments already received from the husband as a result of the order appealed from.

It is well settled that a support award must take into account the financial circumstances of the husband as well as the wife (*Matter of La Bate v La Bate,* 62 AD2d 1068). This includes consideration of the wife's ability to contribute to her own support, together with the husband's ability to pay (*Matter of Katzenberg v Katzenberg,* 88 AD2d 914). In this case, the husband is physically disabled due to two heart bypass operations and a subsequent severe heart attack. He is unable to work, and

his total monthly income is $874 per month, which he receives in Social Security and insurance disability payments. This means that the combination of the support and mortgage payments amounts to over 45% of his monthly income.

The hearing court found that the husband's necessary monthly expenses were $412 per month, not including rent. After subtracting his monthly expenses, the support money, and the mortgage payment from his total income, he was left with $65 per month. This sum was insufficient to enable him to rent an apartment of his own and as a result the husband had to sleep on couches in the homes of various relatives. More importantly, this sum was not sufficient to enable the husband to participate in a hospital-run cardiac rehabilitation program which the evidence indicated was very important to his ability to recover from his heart problems to the fullest extent possible. After insurance reimbursement, the rehabilitation program would result in an out-of-pocket cost to the husband of about $18 per week. Thus, the $65 per month which was left to the husband was insufficient to even cover the cost of the rehabilitation program, without considering his transportation costs.

The wife, on the other hand, appears from the record to be fully capable of obtaining employment and contributing to her own support to a great extent, although she has chosen not to do so. Her only activity appears to be attending Nassau Community College part time in the evenings, taking six or seven credits per semester. She has no other responsibilities to family, as both of her children are fully grown and self-supporting. In fact, the record indicates that her son has been contributing to some extent to her support. The Family Court found that the wife has taken numerous accounting classes, appears quite intelligent, and should have no problem earning at least $250 per week. We see no reason on appeal to disturb this finding. Accordingly, the order appealed from has been modified to reflect a more reasonable distribution of financial responsibility. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.