In an action pursuant to RPAPL article 15 for a determination of claims to real property, defendant Yula appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated April 18, 1985, which denied his motion for leave to serve an amended answer.
Order reversed, with costs, and motion for leave to serve an *476 amended answer granted. The amended answer is deemed served.
CPLR 3025 (b) provides that a party may amend a pleading at any time by leave of court and that leave shall be freely given upon such terms as may be just. The legal sufficiency or merits of a proposed amendment will not be examined on the motion to amend unless its insufficiency or lack of merit is clear and free from doubt (see, Barnes v County of Nassau, 108 AD2d 50; Norman v Ferrara, 107 AD2d 739; Goldstein v Brogan Cadillac Oldsmobile Corp., 90 AD2d 512). Noting that appellant, who sought to amend his answer to invoke the doctrine of unclean hands, was not actually injured by plaintiffs conduct, Special Term ruled that the proposed amendment to the answer was "without merit” and therefore denied leave to serve the amended answer. We cannot agree with this determination.
Germane to this situation is a line of cases where a plaintiff transfers property to the defendant, usually a relative, to defeat the interests of a third party, also usually a relative, and then the defendant, who has not been injured by the transaction, raises the doctrine when the plaintiff sues to reclaim the transferred property (see, Farino v Farino, 88 AD2d 902; see also, Pattison v Pattison, 301 NY 65; Levy v Braverman, 24 AD2d 430; Pierce v Pierce, 253 App Div 445, affd 280 NY 562). Indeed, this court has explicitly held it erroneous to require a showing of injury on the defendant’s part to invoke the doctrine in this situation (see, Farino v Farino, supra, p 903). Thus, at bar, where, in an effort to thwart his wife’s interest, plaintiff deeded property to his mother (who deeded it to appellant before her death), it cannot be said that appellant’s proposed amendment to invoke plaintiffs unclean hands was "palpably insufficient as a matter of law or * * * totally devoid of merit” (Norman v Ferrara, 107 AD2d 739, 740, supra; see also, Taylor v Taylor, 84 AD2d 947).
Accordingly, it was an improvident exercise of discretion for Special Term to deny leave to serve the amended answer. The order appealed from is reversed, and the motion granted. Lazer, J. P., Thompson, O’Connor, Rubin and Kunzeman, JJ., concur.