■ SUE HIRSCHMAN, Respondent, v SAMUEL HIRSCHMAN, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the husband appeals, as limited by his brief, (1), from so much of an order of the Family Court, Rockland County (Stanger, J.), dated April 27, 1988, as, after a hearing, denied his objection to so much of an order of the same court (Franklin, H.E.), dated September 11, 1987, as directed him to pay $265 per week for the support of his wife and child, and (2) from so much of an order of the same court (Stanger, J.), dated June 13, 1988, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated April 27, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 13, 1988, made upon renewal; and it is further,

Ordered that the order dated June 13, 1988, is modified, on the facts and as a matter of discretion, by adding thereto a provision that the award of $265 per week for the support of the appellant's wife and child includes within it the payment of $46.15 per week for the infant's private school tuition; as so modified, the order dated June 13, 1988, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 27, 1988, is modified accordingly.

In determining the ability of the husband to provide support, the court should consider not only his income from his employment, but his actual reasonable living expenses, as well as his current debts, and whether such obligations were reasonably incurred *(see, Matter of Katzenberg v Katzenberg,* 88 AD2d 914; *Matter of La Bate v La Bate,* 62 AD2d 1068). The husband's need to have money to live on after payments are made must be taken into account *(see, Muscarella v Muscarella,* 93 AD2d 993; *Colabella v Colabella,* 86 AD2d 643). A review of this record discloses that the award of $265 per week for the support of the wife and child, exclusive of the sum of $200 per month (i.e., $46.15 per week) the husband agreed to pay for the infant's private school tuition, does not leave the husband with adequate resources from which to pay his actual reasonable living expenses.

Since a reduction is warranted, we have modified the award of $265 per week for the support of the wife and child to include within it the husband's payment of $46.15 per week for the infant's private school tuition. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.