■ TA CHUN WANG, Also Known as CHUN WONG, Also Known as CHUN T. WANG, Appellant, v CHUN WONG et al., Respondents.—In an action, inter alia, for the reformation of a deed, the imposition of a constructive trust and an equitable lien, and to recover damages for fraud, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Shaw, J.), entered December 2,

1988, as, upon granting the motion of the defendants Chun Wong and Lily Wong for summary judgment dismissing the complaint insofar as it is asserted against them and upon searching the record and granting summary judgment to the defendant Citibank N. A. dismissing the complaint insofar as it is asserted against it, is in favor of the defendants and against him.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs to the respondents Chun Wong and Lily Wong.

The plaintiff commenced this action by which he claims rights of ownership in a two-family house in Brooklyn which a third person conveyed in 1976 to "Chun Wong & Lily Wong, his wife", who are the defendants in this action.

At the time of the conveyance, the plaintiff was an illegal alien in this country, and was using the defendant Chun Wong's Social Security number. The plaintiff admits that any income that he earned was reflected on the Wongs' tax returns as income earned by the defendant Chun Wong. Indeed, the plaintiff also admits that he did not use his real name until 1986, when he applied for and received amnesty with respect to his status as an illegal alien.

It is undisputed that the plaintiff, prior to the closing of title, posed as the defendant Chun Wong in executing a contract for the purchase of the subject premises. The plaintiff also acknowledges that he posed as Chun Wong when he and the defendant Lily Wong signed a mortgage application with the Bowery Savings Bank in order to purchase the premises. Further, the plaintiff admits that he executed a subsequent note and mortgage, while again posing as Chun Wong, and that he attended the closing with Lily Wong, still representing himself to be Chun Wong.

On or about September 9, 1987, the plaintiff brought this action to reform the deed to reflect his purported ownership in the premises, and for other equitable and legal forms of relief. The Supreme Court granted summary judgment to the defendants dismissing the complaint. We affirm.

The plaintiff contends that the deed should be reformed to reflect the actual agreement of the parties at the time the premises were conveyed. He claims that he was to receive ownership rights in the premises, and that the name "Chun Wong," on the deed, was a "scrivener's mistake". We hold that this cause of action must fail, because the Statute of Limitations started running at the time the "scrivener's er-

ror" was made *(see,* CPLR 213 [1]; *Hart v Blabey,* 287 NY 257; *Acres v Hitchcock,* 77 AD2d 744). Because the plaintiff was in possession of the deed from the time of its execution, we find no merit in his assertion that he did not have notice of a claim "adverse" to his claim until 1987, when the Wongs obtained refinancing from the defendant Citibank. N. A. *(cf., Hart v Blabey, supra; Tursi v St. Joseph's Sanatorium,* 133 AD2d 910). In any event, the plaintiff's assertion that there was a "scrivener's mistake" is belied by his admission that he intended to pose as Lily Wong's husband. Since the deed reflects the actual agreement of the parties, an action for reformation will not lie *(see, Lewitt & Co. v Jewelers' Safety Fund Socy.,* 249 NY 217; *see also,* 16 NY Jur 2d, Cancellation and Reformation of Instruments, § 36).

We also conclude that the plaintiff's cause of action for the imposition of a constructive trust is similarly time barred. The Statute of Limitations for interposition of a constructive trust commenced "upon the occurrence of the wrongful act giving rise to a duty of restitution" *(Mattera v Mattera,* 125 AD2d 555, 556-557). Under the circumstances of this case, that duty arose at the time the deed to the property was executed, in 1976. Therefore, this cause of action was properly dismissed as time barred *(see,* CPLR 213 [1]; *Mattera v Mattera, supra; Kitchner v Kitchner,* 100 AD2d 954; *see also, Scheuer v Scheuer,* 308 NY 447).

The defendants argue that the Statute of Limitations also defeats the plaintiff's cause of action for the imposition of an equitable lien, and the cause of action to recover damages for fraud. Even if we accept the plaintiff's contention, arguendo, that the Statute of Limitations did not begin to run until the Wongs refinanced in 1987, we conclude that the plaintiff's unclean hands in participating in a course of conduct of deception and deceit is an effective bar to all of the causes of action in the complaint, including the cause of action for interposition of an equitable lien *(see, Farino v Farino,* 88 AD2d 902; *see also,* 30 CJS, Equity, § 95 [b]; 55 NY Jur 2d, Equity, § 119), and the cause of action sounding in fraud. Having engaged in a fraudulent scheme involving the conveyance of the premises, the plaintiff has forfeited his right, in law or equity, to protection or recourse in a dispute involving his accomplices in that very scheme *(see, Sayres v Decker Auto. Co.,* 239 NY 73; 60 NY Jur 2d, Fraud and Deceit, § 175).

Finally, since the plaintiff has no legal interest in the premises, his cause of action seeking to "cancel" the mortgage with the defendant Citibank N. A. was also properly dis-

missed *(see,* Siegel, NY Prac § 136). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.