■ DOMENICK LAGONEGRO et al., Appellants, v LEONARD S. LAGONEGRO et al., Respondents.—In an action to determine a claim to real property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Burrows, J.), dated June 4, 1990, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the action is time-barred.

Ordered that the order is affirmed, with costs.

The plaintiffs and the defendants are family members who once jointly owned premises in which they all resided. In 1976, the plaintiffs transferred their one-half interest in the property to the defendants but continued to reside there

undisturbed until the defendants commenced a summary proceeding against them in 1989. The plaintiffs then commenced this action, *inter alia,* for imposition of a constructive trust and for a declaration that they own one-half of the property. The plaintiffs alleged that the defendants induced them to transfer their interest to keep the property safe from the plaintiffs' creditors and that, in making the transfer, they relied on the trust and confidence they reposed in the defendants and on the defendants' promise to reconvey the property on demand. Following interposition of their answer, which included the Statute of Limitations as an affirmative defense, the defendants successfully moved for summary judgment on that ground. We affirm the order granting summary judgment to the defendants dismissing the complaint, but on a ground other than that asserted by the Supreme Court.

The plaintiffs make a perfunctory assertion that this action is at least in part grounded on an actual fraud which they could not have discovered before 1989 so as to afford them two years from that time to commence this action *(see,* CPLR 203 [f]; 213 [8]; *see also, Abbate v Abbate,* 82 AD2d 368; *Brown v Lockwood,* 76 AD2d 721, 730-731; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353). The record demonstrates, however, that, to the extent that it may have merit, this action is premised on the defendants' alleged unfair abuse of a position of trust which the familial relationship afforded them *(cf., Curry v Chollette,* 57 AD2d 604), rather than on the plaintiffs' reasonable reliance on a fraudulently misstated fact or promise *(cf., Brown v Lockwood, supra).* Although the plaintiffs purport to claim that the wrongful conduct triggering the commencement of the Statute of Limitations consisted of the defendants' breach of a consensually-established implied trust and that the action was therefore timely commenced *(see, Augustine v Szwed,* 77 AD2d 298, 301; *Bey Constr. Co. v Yablonski,* 76 AD2d 875), the plaintiffs' unclean hands constitute a bar to this action *(see, Pattison v Pattison,* 301 NY 65; *Ta Chun Wang v Chun Wong,* 163 AD2d 300; *Muscarella v Muscarella,* 93 AD2d 993; *Farino v Farino,* 88 AD2d 902). Therefore, we affirm the order dismissing the action *(see, Muscarella v Muscarella, supra).* Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.