■ RICHARD B. BLACK, Appellant-Respondent, v WHITE & CASE, Respondent-Appellant. [721 NYS2d 44] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 18, 1999, which granted defendant's motion for summary judgment dismissing plaintiff's complaint only to the extent of dismissing plaintiff's fourth cause of action and claim for punitive damages, unanimously modified, on the law, defendant's motion for summary judgment granted, the complaint dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

This is an action for legal malpractice based on allegations that the defendant law firm misled plaintiff to believe it was neutral in the preparation and negotiation of a separation agreement which was incorporated in a decree of divorce subsequently entered on plaintiff's consent and at his insistence. Plaintiff retained White & Case in 1979 to draft and negotiate a prenuptial agreement with Marieluise Hessel, who was represented by counsel of her own choosing. Following their marriage in 1980, White & Case provided plaintiff and Hessel with legal services for a decade until their separation in 1990. These matters included estate planning, investment

review, disposition of a substantial art collection and philanthropic endeavors.

During 1991 Hessel consulted with White & Case about a separation agreement. Although there is dispute over whether plaintiff waived any conflict of interest, White & Case prepared a separation agreement which was executed by the parties in January 1992. It included a statement that each party had obtained the advice of separate counsel. Hessel commenced a divorce action against plaintiff in Wyoming District Court in June 1993 and, represented by his own counsel, plaintiff executed and filed a "Conditional Consent to Entry of Judgment" in July 1993 in which plaintiff consented to entry of a divorce decree only on the condition that the earlier separation agreement, prepared by White & Case, be incorporated in any divorce decree.

Two years later, plaintiff moved in Wyoming District Court to vacate the divorce decree based, in part, on the "egregious" conduct by White & Case, which consisted of its representation of Hessel in drafting, negotiating and implementing the separation agreement. The specific conduct upon which plaintiff based that motion is now alleged as the basis for the present legal malpractice action. The Wyoming court dismissed plaintiff's motion and that decision was affirmed by the Wyoming Supreme Court (*Black v Black*, 1 P3d 1244, [Wyo]). Finding plaintiff's contentions to be "spurious," the Wyoming Supreme Court expressly rejected allegations that White & Case represented plaintiff and Hessel when the separation agreement was negotiated and executed.

In this action, plaintiff seeks monetary damages from White & Case based on four causes of action consisting of breach of fiduciary duty, breach of contract resulting from the conflict of interest, breach of contract resulting from breach of a duty to use due care in advising plaintiff, and fraud. All of these causes of action are based on the same factual allegations which formed the foundation for plaintiff's motion to vacate in the Wyoming litigation. The Wyoming court's rejection of plaintiff's allegation that he was unaware that White & Case represented only Hessel in preparation and negotiation of the separation agreement collaterally estops plaintiff from suing White & Case (*Sei Young Choi v Dworkin*, 230 AD2d 780, *lv denied* 89 NY2d 805). Additionally, plaintiff is judicially estopped from advocating a factual position in the present action inconsistent with the position he took in the Wyoming action in his successful effort to obtain entry of the divorce decree incorporating the separation agreement (*Perkins v Perkins*, 226 AD2d 610). The

cause of action for fraud was properly dismissed since plaintiff offered no evidence that White & Case made any materially false statement of fact to plaintiff on which he relied to his detriment. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.