■ JAMES HOLLAND, JR., Respondent, v DARRYL RYAN et al., Appellants. [762 NYS2d 740] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Lane, J.), entered July 30, 2002, which granted plaintiff's motion for summary judgment.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law and in the exercise of discretion without costs and the motion is denied.

Memorandum: Plaintiff and defendants executed a real estate purchase and sale agreement (Agreement) wherein defendants were to sell real property to plaintiff for $31,000. When defendants failed to close on the sale, plaintiff commenced this action seeking specific performance of the Agreement and, after joinder of issue, moved for summary judgment. We conclude that plaintiff is not entitled to summary judgment and therefore reverse the order and judgment granting the motion.

In support of the motion, plaintiff established that he was ready, willing, and able to perform his obligations under the Agreement on the date set for the closing as well as on a later date set forth in a "time of the essence" letter (see *Eichenstein v Glassman*, 302 AD2d 421 [2003]; *Bainbridge-Wythe Partnership v Niagara Falls Urban Renewal Agency*, 294 AD2d 806, 807 [2002], *lv denied* 98 NY2d 613 [2002]). The allegations of defendants concerning an oral collateral agreement for the payment of an additional $50,000, as set forth in their verified answer and verified amended answer and in their affidavit in opposition to the motion, do not raise a triable issue of fact whether the true purchase price was $81,000. An agreement conveying an interest in real property must be in writing and signed by the party to be charged (see General Obligations Law § 5-703 [2]; *Needel v Flaum*, 248 AD2d 957, 958 [1998]; *Stark v Fry*, 129 AD2d 237, 239 [1987]), and thus "[e]nforcement of the alleged oral agreement is barred by the statute of frauds" (*Dates v Key Bank, 300 AD2d 1090, 1090 [2002]; see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]). Additionally, "[t]he parol evidence rule bars admission of antecedent or contemporaneous oral representations to vary or add to the terms of a written agreement" (*SAA-A, Inc. v Morgan Stanley Dean Witter & Co.*, 281 AD2d 201, 203 [2001]; *see Marine Midland Bank-Southern v Thurlow*, 53 NY2d 381, 387 [1981]). Here, the Agreement was a "completely integrated contract preclud[ing] extrinsic proof to add to or vary its terms" (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 600 [1997]).

Defendants' further contention that plaintiff is not entitled to specific performance because he failed to comply with two alleged conditions precedent to performance of the Agreement is without merit. The condition that plaintiff relocate a flowering tree to defendants' property was not a condition precedent because it was not an event that was required to occur " 'before performance under [the] contract [became] due' " (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 112 [1984]; *see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). Nor are defendants entitled to rely on the condition that plaintiff sign the Agreement before June 20, 2001 where, as here, they have " 'frustrated or prevented the occurrence of the condition' " by failing to submit the Agreement to plaintiff for his signature before that date (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31 [1998], *rearg denied* 92 NY2d 920 [1998], quoting *Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.*, 28 NY2d 101, 106 [1971]). In any event, by modifying the terms of the

original agreement, plaintiff made a counteroffer, which was accepted by defendants (*cf. Helmsley-Spear, Inc. v Kupferschmid*, 301 AD2d 442 [2003]), and "[a]cceptance of this counteroffer would supersede any inconsistent term in the original offer" (*Homayouni v Paribas*, 241 AD2d 375, 376 [1997]).

We nevertheless conclude that plaintiff is not entitled to summary judgment. "A more troublesome issue * * * appears in the record" (*Janke v Janke*, 47 AD2d 445, 449 [1975], *affd for the reasons stated* 39 NY2d 786 [1976]). Although the issue of unclean hands is not raised in opposition to the motion or, indeed, on appeal, the record contains sworn statements of defendants that the parties agreed to a side payment of $50,000 to enable plaintiff to avoid a higher assessed value for the property. Defendants' sworn statements are sufficient to raise a triable issue of fact whether the basis of this action "is immoral and one to which equity will not lend its aid" (*Muscarella v Muscarella*, 93 AD2d 993, 993 [1983]). Although defendants did not raise the issue of unclean hands in opposition to the motion or on appeal, this Court is not precluded from raising the issue sua sponte for the first time on appeal (*see id.* at 993-994; *Janke*, 47 AD2d at 449-450). This is done "not to favor defendant[s], but as a matter of public policy" (*Janke*, 47 AD2d at 450). Because there is a triable issue of fact whether plaintiff has unclean hands, we reverse the order and judgment and deny plaintiff's motion for summary judgment. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.