■ JUNE REEVES, Respondent-Appellant, v THOMAS R. REEVES, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), dated February 24, 1986, as granted the plaintiff wife (1) a distributive award of $15,065 premised upon the equitable distribution of the defendant's individual retirement account (hereinafter IRA) and Keogh account, and (2) the sum of $27,000 as her equitable interest in alleged

disproportionate payment of taxes, and the plaintiff wife cross-appeals from so much of the same judgment as determined that the proceeds from the sale of the marital residence were equitably divided by the parties prior to the commencement of the action.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the second decretal paragraph thereof which (1) awarded the plaintiff wife a distributive award based on the defendant's IRA and Keogh investments and (2) awarded the plaintiff wife the sum of $15,065 based on disproportionate tax payments, without prejudice to the plaintiff's commencement of a separate plenary action for recovery of the alleged tax payments; as so modified, the judgment is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

The parties, both of whom were middle-aged and independently affluent at the time of their marriage—the second for each—appeal and cross-appeal from stated portions of a judgment of divorce dated February 24, 1986. The principal dispute between the parties concerns the division of the proceeds received upon the 1983 sale of the marital premises. The record reveals that prior to the commencement of the instant action, the parties' former marital premises was sold and the net proceeds divided between them in a ratio corresponding to their respective separate contributions to the original purchase price of $220,000. Inasmuch as the defendant husband contributed approximately 70% of the purchase price from his separate funds, he retained that portion of the net proceeds and distributed the remainder to the plaintiff wife.

Thereafter, the plaintiff wife commenced the action at bar for a divorce and ancillary relief, contending at trial, *inter alia,* that she was entitled to an equal share of the net proceeds from the sale of the house. The Supreme Court, in rejecting this contention, concluded that, "the court finds as a matter of fact and law that the parties agreed to an equitable distribution of the pro rata profits on the marital premises and plaintiff received same upon [the] sale in 1983". We agree.

Contrary to the plaintiff's contentions, the trial court properly declined to disturb the parties' prelitigation division of the proceeds realized upon the sale of the marital premises. It is well settled that "equitable distribution is not necessarily equal distribution" *(Miller v Miller,* 128 AD2d 844, 845; *see also, Rodgers v Rodgers,* 98 AD2d 386, *appeal dismissed* 62 NY2d 646). Although at bar the court's holding resulted in an unequal division of the proceeds, its determination was ration-

ally premised upon its finding, amply supported by the record, that the parties themselves had fashioned an equitable division of the proceeds by reference to their respective original contributions to the purchase of the asset. Under the circumstances, the court appropriately exercised its authority to mold a fair and just result by ratifying the parties' own fully executed and equitable division of the proceeds.

We further conclude that the court erred in awarding the plaintiff a share of the defendant's IRA and Keogh accounts. Although pension funds have been subjected to equitable distribution inasmuch as they represent deferred compensation to be enjoyed, presumably, by both spouses at a subsequent date (see, e.g., Damiano v Damiano, 94 AD2d 132), the foregoing rationale has no application within the context of this particular case. At bar, the Supreme Court found, and the record establishes, that there existed a course of conduct by which the parties, both of whom brought substantial assets to this marriage of relatively short duration, separately maintained their respective assets, incomes and liabilities. Moreover, while the plaintiff wife denied that there had been an explicit agreement reached with respect to the separate maintenance of assets, she nevertheless conceded that the parties had "eased into" such an arrangement from the inception of the marriage.

Indeed, it is undisputed, for example, that, with regard to income taxes, the parties established a system by which each spouse would contribute his or her proportionate share of the parties' joint tax liability premised upon the separate yearly income earned. Further, the record indicates that although the defendant, formerly a financial consultant at E. F. Hutton and Company, advised the plaintiff with respect to the investment of her assets, he made no claim of entitlement to the substantial appreciation in the value of the plaintiff's portfolio resulting from his management of her assets. Since there is ample support in the record for the Supreme Court's conclusion that the parties "were not to have access to the other's funds and/or income", we conclude that awarding the plaintiff a portion of the defendant's IRA and Keogh investments was, under the circumstances of this case, unwarranted.

Finally, since the plaintiff did not until the day of trial apprise the defendant of her intent to recoup from him alleged overpayments in her contributions to the parties' joint income tax liabilities, we conclude that the court improperly awarded the plaintiff reimbursement therefor. Our conclusion in this respect, however, is without prejudice to the plaintiff's

commencement of a separate, plenary action for recovery of the alleged tax overpayments.

We have reviewed the parties' remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.