■ MARY BETH MARLINGHAUS, Respondent, v HANS MARLINGHAUS, Appellant. [609 NYS2d 503] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court rejected the contention that defendant was entitled to an "equitable claim" to the marital residence. Defendant maintained that the residence was purchased with his separate property and that he was entitled to a dollar-for-dollar credit for that contribution and to his equitable interest in the appreciation of that asset. Plaintiff asserted that defendant

was not entitled to any interest in the residence; that, after the parties physically separated, defendant asked to move back into the house and to reconcile their differences; that, as a condition to that reconciliation and to ensure that she and the children would have a home and to avoid a battle in court over the home if the reconciliation did not work, defendant agreed to place the residence in her name; that, as part of the agreement, defendant would retain ownership of a boat and the Lincoln automobile; that, shortly after defendant moved back into the residence, he executed a deed transferring his interest in the residence to plaintiff; and thus, that the parties had agreed upon a division of those property items in the event that the parties divorced. Defendant countered that the real property was placed in plaintiff's name for liability purposes and that plaintiff did not want the house encumbered by any debt. The court failed to state its rationale for denying defendant's "equitable claim" to an interest in the residence. Further, the court failed to resolve the conflict concerning the transfer of ownership of the house to plaintiff.

The transfer of ownership occurred while the parties were married and prior to commencement of this divorce action. Thus, irrespective of the parties' intent, the residence cannot be considered separate property, as defined by Domestic Relations Law § 236 (B) (1) (d), and must be classified as marital property. Although there is evidence that the parties entered into an agreement, that agreement was not reduced to a writing, as required by Domestic Relations Law § 236 (B) (3). Nevertheless, in effecting an equitable distribution of property, the court may consider "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [5] [d] [13]). If plaintiff's version of the agreement is credited by the fact-finder, the agreement of the parties and the circumstances surrounding the reconciliation would be a relevant factor to be weighed in the equitable distribution of the residence, boat and Lincoln automobile.

Supreme Court erred in failing to calculate the amount of defendant's child support obligation pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) and in failing to set forth, pursuant to Domestic Relations Law § 236 (B) (6) (b), the factors it considered and the reasons for its award of spousal maintenance. It was improper to "affirm" summarily prior orders by another Judge awarding temporary child support and spousal maintenance and holding

such support and maintenance in abeyance while defendant is unemployed, especially where the record fails to show the circumstances underlying his unemployment or, indeed, that defendant is unemployed.

The court further erred in awarding counsel fees in the sum of $7,500 to plaintiff. No affidavit of service of plaintiff's counsel appears in the record despite the court's request for one. The court's findings of fact, however, recite that, in considering the amount to be awarded for counsel fees, the court considered affidavits. Nevertheless, it is not necessary to hold this appeal on this issue to require defendant to provide a complete record (cf., Matter of Williams v Hammock, 96 AD2d 734; Guarnacci v Ferguson, 29 AD2d 839). The judgment is modified by deleting those paragraphs equitably distributing the parties' marital property and awarding child support, spousal maintenance and counsel fees. Because it appears that defendant's employment status has changed, we remit this matter for a de novo trial of the issues of equitable distribution, child support, spousal maintenance and counsel fees before a different Judge. (Appeal from Judgment of Supreme Court, Erie County, Miles, J.H.O.—Divorce.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.