■ CLAIRE L. PERKINS, Respondent, v JOHN H. PERKINS, JR.,
Appellant. [641 NYS2d 396] —In an action for a divorce and ancil-
lary relief, the defendant former husband appeals, as limited
by his notice of appeal and brief, from stated portions of an or-
der and judgment (one paper) of the Supreme Court, West-
chester County (Gurahian, J.), dated December 22, 1993, which,
*inter alia,* (1) determined that the plaintiff former wife has sole
and complete ownership of real property known as Middle Pat-
ent Farm and its contents, and (2) denied his motion to vacate
a prior judgment against him for arrears in pendente lite main-
tenance and child support.

Ordered that the order and judgment is affirmed insofar as
appealed from, with costs.

Contrary to the former husband's contention, the trial court
did not err in determining that the premises known as Middle
Patent Farm, and the contents thereof, were the sole property
of the former wife. It is clear from the record that the parties
agreed to sell a jointly-owned cooperative apartment, divide
the proceeds therefrom, and make their own respective
purchases or investments with the money. It is equally clear
that this agreement was both made and fully performed dur-
ing the marriage and long before the commencement of the
matrimonial action, that the former wife used her share of the
proceeds to purchase the farm premises and its contents, and
that the former husband accordingly has no legal or equitable
interest therein (*see generally, Reeves v Reeves,* 137 AD2d 586).
Although the former husband claimed during the divorce trial
that he contributed to the purchase and upkeep of the farm,
the Supreme Court properly rejected his claim as being incred-
ible and clearly inconsistent with deposition testimony he had
previously given in an action commenced by a third-party cred-
itor against him. Indeed, a review of that deposition testimony,
which was placed in evidence at the divorce trial, demonstrates
that the former husband repeatedly stated that the former
wife had purchased the premises in 1984 with her own assets
and was at all times the sole owner thereof. He further stated
that he did not contribute at all to the purchase or upkeep of
the property. Under these circumstances, the Supreme Court
acted properly in applying the doctrine of judicial estoppel, or
estoppel against inconsistent positions, inasmuch as the former
husband should not be permitted to play fast and loose with
the courts by advocating contrary positions in different legal
proceedings (*see, Ford Motor Credit Co. v Colonial Funding*

*Corp.*, 215 AD2d 435; *Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394; *Piedra v Vanover*, 174 AD2d 191; *Anonymous v Anonymous*, 137 AD2d 739; *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591). Accordingly, the former husband was properly estopped from contending that he had any interest in the farm premises, and the court appropriately determined that he was not entitled to any share therein. Although our dissenting colleagues emphasize the distinction between title ownership and the concepts of marital and separate property under Domestic Relations Law § 236 (B), we find that the former husband's unqualified and unequivocal deposition testimony constituted an acknowledgment by him that he had no rights or interest in the property for any purposes. The Supreme Court did not err in refusing to credit his contrary position at the divorce trial.

We have considered the former husband's remaining contentions and find them to be without merit. Sullivan, J. P., Santucci and Florio, JJ., concur.

Goldstein, J., concurs in part, and dissents in part, and votes to modify the order and judgment, by deleting the second decretal paragraph thereof which adjudged that the plaintiff former wife had sole and complete ownership of the real estate property known as Middle Patent Farm as well as its contents and all of the antiques, furniture and furnishings acquired by the parties, and as so modified, to affirm the order and judgment insofar as appealed from, and to remit the matter to the Supreme Court, Westchester County, for equitable distribution of the marital property, with the following memorandum, in which Pizzuto, J., concurs: The parties were married on October 27, 1967, and have one child, born June 8, 1975. In 1978, at the urging of the former wife, the parties purchased a cooperative apartment in New York City for $220,000. The former wife contributed $20,000 to the down payment, from savings derived from gifts given to her by the former husband during the course of the marriage, and the remainder of the down payment was provided by the former husband.

When the former husband decided to retire from his position as a partner in a prominent New York law firm, the former wife decided to sell the apartment and buy a farm in Westchester County. In December 1983 the parties agreed to sell the apartment, and each take one-half of the proceeds. The former wife purchased the Middle Patent Farm with her share and the former husband agreed to invest his share "conservatively". The former husband continued to support his wife and child through June 1986, when all support stopped. To support

herself and her child, and make capital improvements to the farm, the former wife mortgaged the farm for a total of $855,000, and sold off antiques which she bought with her share from the cooperative apartment.

The instant action for divorce was not commenced until September 1989, and did not proceed to trial until 1993. At the trial, the former husband's expert testified that, at the time of the trial, the farm was worth approximately $2,200,000.

At the conclusion of the trial, the trial court found that the former husband had no assets, and there were judgments docketed against him of approximately $800,000. The trial court found that his sole income was social security and pension benefits amounting to $630 per month, and, since he was 68 years of age, he was not obligated to seek employment.

The trial court found that prior deposition testimony established that the former husband "had no interest in the farm or in the antiques, that the same were [the former wife's] sole and separate property", and that it could not "accept, as a matter of credibility, the former husband now, in essence, recanting his previously given testimony under oath".

The majority of this Court holds that the former husband's contention that the property was marital property subject to equitable distribution is barred by the doctrine of judicial estoppel. I disagree.

At issue in the former husband's dispute with the third-party creditor, was who had *title* to the Middle Patent Farm and its contents, and possibly whether the former husband had transferred property to the former wife to defraud his creditors. It is well settled that a third-party creditor cannot seize property belonging to the debtor's spouse (*see, Claymont v Levitt,* 140 AD2d 578). The question of whether the Middle Patent Farm and its contents constituted "marital" property under Domestic Relations Law § 236 (B) was irrelevant to the third-party creditor, since the former husband could only have had an inchoate right to such property, which could only mature "into a true ownership interest when the equitable distribution judgment terminated the action" (*McDermott v McDermott,* 119 AD2d 370, 379; *Arbor Natl. Mtge. v Goldsmith,* 154 Misc 2d 853). Further, the former husband's testimony at the deposition related to the question of title, and cannot be fairly read as a declaration that the farm and its contents constituted separate property for equitable distribution purposes.

The majority notes that while there is a "distinction between title ownership and the concepts of marital and separate property under Domestic Relations Law § 236 (B) * * * the for-

mer husband's unqualified and unequivocal deposition testimony constituted an acknowledgment by him that he had no rights or interest in the property for any purposes" (*supra,* at 611). However, estoppel does not apply unless there is an "identity of issues between the present action and the prior determination" (*Prudential Home Mtge. Co. v Neildan Constr. Corp.,* 209 AD2d 394, quoting *Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 456-457). Since the issue in the action brought against the former husband by a third-party creditor was whether the Middle Patent Farm was available to satisfy the claims of the third-party creditor, the former husband's deposition testimony cannot and should not constitute an "acknowledgment by him that he had no rights or interest in the property for any purposes".

The trial court's finding that the former wife's share of those assets constituted separate property was clearly error. As was noted by the Appellate Division, Fourth Department, in *Marlinghaus v Marlinghaus* (202 AD2d 994, 995): "The transfer of ownership occurred while the parties were married and prior to commencement of this divorce action. Thus, irrespective of the parties' intent, the [property] cannot be considered separate property, as defined by Domestic Relations Law § 236 (B) (1) (d), and must be classified as marital property".

The agreement to divide assets was not reduced to writing as required by Domestic Relations Law § 236 (B) (3), and therefore was not enforceable as an "opting-out" agreement (*see, Katta v Katta,* 203 AD2d 531; *Marlinghaus v Marlinghaus, supra; Conti v Conti,* 199 AD2d 985).

Consequently, the matter must be remitted to the Supreme Court, Westchester County, for equitable distribution of the farm and so much of its contents as was acquired by the parties during the marriage. In effecting that equitable distribution, the oral agreement is a relevant factor to be considered (*see, Marlinghaus v Marlinghaus, supra,* at 995; Domestic Relations Law § 236 [B] [5] [d] [13]), but is not the only factor (*see,* Domestic Relations Law § 236 [B] [5] [d]).