■ LESLIE ZIMBERG, Respondent, v ARNOLD ZIMBERG, as Executor of DORIS ZIMBERG, Deceased, Appellant, et al., Respondents. [700 NYS2d 473] —Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered March 9, 1999, which, in a proceeding by petitioner wife to enforce money judgments against her ex-husband Bruce Zimberg, granted the petition to the extent of holding that petitioner's money judgments could be satisfied against the proceeds of the sale of certain real property which should have passed through the estate of the Zimberg respondents' mother, Doris Zimberg, unanimously modified, on the law, to the extent

that petitioner may satisfy her judgments against only 50% of the net proceeds from the sale of the "Duck Pond" property, and otherwise affirmed, without costs.

We agree with the IAS Court that respondent Arnold Zimberg, having transferred title to the "Duck Pond" property to his mother, Doris Zimberg, to place it out of the reach of potential creditors, may not now maintain that the property was in reality his and thus should not be treated as if it had passed through Doris Zimberg's estate (*see, Matter of Goldstick*, 177 AD2d 225, 241-244; *see also, Jossel v Meyers*, 212 AD2d 55, 57-58). We disagree, however, that the consequence of treating the "Duck Pond" property as if it had passed through the estate should be to enable petitioner to satisfy her money judgments against Bruce Zimberg out of the entire net proceeds from the sale of "Duck Pond" subsequent to Doris Zimberg's death. Pursuant to the will of Doris Zimberg, Bruce Zimberg was entitled to only 50% of the "Duck Pond" property and, accordingly, it is only from that portion of the "Duck Pond" net proceeds that petitioner's money judgments may be satisfied. Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.