■ BANKERS TRUSTEE COMPANY LIMITED, as Indenture Trustee, Appellant, v FIRST MEXICAN ACCEPTANCE CORPORATION et al., Respondents, and SIDEK CREDITOR TRUST, Intervenor-Respondent. BANKERS TRUSTEE COMPANY LIMITED, as Indenture Trustee, Appellant, v THIRD MEXICAN ACCEPTANCE CORPORATION et al., Respondents, and SIDEK CREDITOR TRUST, Intervenor-Respondent. [710 NYS2d 880] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered September 28, 1999 and on or about September 29, 1999, which, in these actions to identify and realize upon collateral pledged pursuant to the subject indentures, granted the motions of defendants and intervenor to dismiss the complaints pursuant to CPLR 3211 (a) (3) on the ground that plaintiff lacked capacity to bring the lawsuits, unanimously affirmed, with costs.

The motion court properly determined that plaintiff's acknowledgment of Nafin's status as subrogee of the Class A Note holders in the prior article 77 proceeding and Federal action precludes it from now taking a contrary position under the doctrines of judicial estoppel (*see, Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435, 436) and informal judicial admissions (*see, Koslowski v Koslowski,* 245 AD2d 266, *lv dismissed in part and denied in part* 92 NY2d 835). Moreover, viewed in their entirety, the provisions of the trust indentures clearly establish that Nafin obtained the right to direct enforcement litigation and it is clear that Nafin acted within that grant of authority when it directed plaintiff not to proceed with these actions.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Andrias and Saxe, JJ.