■ AURELIO MANTIA, Appellant, v ETHEL SQUIRE, Respondent. [733 NYS2d 917] —In an action to impose a constructive trust, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (DiNoto, J.), dated August 24, 2000, which, *inter alia*, granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and (2) a judgment of the same court, entered October 16, 2000, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court correctly concluded that the complaint failed to state a cause of action to impose a constructive trust on certain realty and stocks in the defendant's name. The plaintiff failed to plead two of the four essential elements of a constructive trust, i.e., that the defendant promised to reconvey the property in dispute, and that the plaintiff transferred the property in reliance on that promise (*see, Simonds v Simonds,* 45 NY2d 233; *Sharp v Kosmalski,* 40 NY2d 119; CPLR 3211 [a] [7]).

In addition, the plaintiff is judicially estopped from imposing a constructive trust on the realty and stocks because he concealed his alleged ownership of these assets in a prior matrimonial action (*see, Perkins v Perkins,* 226 AD2d 610; CPLR 3211 [a] [1]).

The parties' remaining contentions are without merit. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.