■ Bernard Lory, Respondent, v Neil M. Parsoff et al., Appellants. (And a Third-Party Action.) [745 NYS2d 218] —In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered June 13, 2001, as granted that branch of the plaintiff's

motion which was for summary judgment on the issue of liability on the first eight causes of action, and denied their cross motion for summary judgment dismissing the complaint in its entirety.

Ordered that the order is modified by (1) deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first eight causes of action and substituting therefor a provision granting that branch of the motion only as to the first, sixth, seventh, and eighth causes of action, and otherwise denying that branch of the motion and (2) deleting the provision thereof denying the defendants' cross motion for summary judgment dismissing the complaint in its entirety and substituting therefor a provision granting those branches of the cross motion which were for summary judgment dismissing the second through fifth causes of action and the tenth through fourteenth causes of action and otherwise denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendants' contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his first, sixth, seventh, and eighth causes of action. An attorney's failure to file a UCC financing statement in the manner necessary to perfect his client's security interest constitutes malpractice as a matter of law (*see Hart v Carro, Spanbock, Kaster & Cuiffo,* 211 AD2d 617; *Deb-Jo Constr. v Westphal,* 210 AD2d 951). Furthermore, the Supreme Court properly granted summary judgment on the cause of action to recover an award of an attorney's fee expended to retain alternative counsel as a result of the defendants' malpractice (*see Affiliated Credit Adjustors v Carlucci & Legum,* 139 AD2d 611). Additionally, there is no merit to the defendants' challenge to the plaintiff's claim for a refund of the legal fee paid to them in connection with the negligent representation (*see Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38). We reject the defendants' contention that the sixth cause of action is barred by the doctrine of judicial estoppel as the plaintiff did not secure favorable relief in the prior proceeding as a result of his adopting a contradictory position (*see Tilles Inv. Co. v Town of Oyster Bay,* 207 AD2d 393). The court also properly denied that branch of the defendants' motion which was to dismiss the ninth cause of action as the defendants failed to establish their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

However, the defendants correctly contend that the second through fifth, and tenth through thirteenth, causes of action should be dismissed as duplicative of the first and ninth causes of action (*see Best v Law Firm of Queller & Fisher,* 278 AD2d 441, 442, *cert denied sub nom. Best v Sears Roebuck & Co.,* — US —, 122 S Ct 812; *Mecca v Shang,* 258 AD2d 569, 570). They also correctly contend that the cause of action for declaratory relief should be dismissed as premature (*see New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 531).

The defendants' remaining contentions are without merit. Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.