■ Debra Pisciotta et al., Respondents, v Lifestyle Designs, Inc., Appellant, et al., Defendant. [749 NYS2d 429] —In an action, inter alia, to recover damages for breach of contract, the defendant Lifestyle Designs, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated July 27, 2001, as denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Lifestyle Designs, Inc. (*see* CPLR 3211; *Leon v Martinez,* 84 NY2d 83; *Morone v Morone,* 50 NY2d 481; *Guggenheimer v Ginzburg,* 43 NY2d 268). Contrary to the appellant's contentions, the purported limited warranty for the plaintiffs' new home, which was neither signed, titled, nor incorporated into the contract of sale, and which made no reference to the parties, was invalid under General

Business Law article 36-B (*see* General Business Law § 777-b). Moreover, a subsequent release signed by plaintiffs, which referred to a "home warranty," was ambiguous and therefore did not render the purported limited warranty effective.

Contrary to the appellant's contention, the doctrine of judicial estoppel, also known as the doctrine of inconsistent positions, is inapplicable. The plaintiffs did not assert, as true, a fact that they had disproven in a prior proceeding (*see Mantia v Squire,* 289 AD2d 304; *European Am. Bank v Miller,* 265 AD2d 374; *Douglas v Government Empls. Ins. Co.,* 237 AD2d 246; *Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435).

The appellant's remaining contention is without merit. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.