OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and plaintiffs’ motion for summary judgment granted.
*617 The plaintiffs commenced, this action against the insurer pursuant to Insurance Law § 3420 (a) (2) after obtaining default judgments against defendant’s insured, Monica Hurtado, which remained unsatisfied for more than 30 days. In the underlying action against Monica Hurtado, the complaint stated that plaintiffs were injured in an automobile accident on August 11, 1998 in which they were the passengers and Monica Hurtado was the driver. Default judgments were entered therein in favor of plaintiffs on June 27, 2001.
In our opinion, the order denying plaintiffs’ motion for summary judgment should be reversed and summary judgment granted in plaintiffs’ favor. The defendant’s disclaimer of coverage was invalid. Insurance Law § 3420 (d) states that:
“If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident, or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
There is nothing in the record to indicate that the defendant insurer served the disclaimer on its insured. The disclaimer of coverage by Liberty Mutual Insurance Company was first set forth on October 15, 2001 in its answer as an affirmative defense to plaintiffs’ complaint in the instant action in which the insured is not a party. Furthermore, defendant did not give written notice “as soon as is reasonably possible” (Insurance Law § 3420 [d]). It is uncontroverted that a copy of the summons and complaint in plaintiffs’ underlying action against the insured was mailed to defendant on January 19, 2001 by plaintiffs’ attorney. Plaintiffs’ attorney also forwarded the underlying judgments to the defendant on July 2, 2001. The defendant’s October 2001 disclaimer was, therefore, in any event, untimely under the circumstances presented (see Matter of Colonial Penn Ins. Co. v Pevzner, 266 AD2d 391 [1999] [41-day delay deemed unreasonable as a matter of law]; Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507 [1993] [same]).
Moreover, the fact that the defendant’s insured did not forward the summons and complaint in the underlying action is not dispositive. It was uncontroverted that the attorney for the injured persons forwarded copies of the summons and *618 complaint to the insurer which constituted sufficient notice of the claim.
In this action, the defendant may not go behind the underlying default judgments to attack the amount of the judgments awarded to each plaintiff or the date from which interest accrued on each judgment (Matychak v Security Mut. Ins. Co., 181 AD2d 957 [1992], lv denied 80 NY2d 758 [1992]).
Finally, we note that the doctrine of judicial estoppel, or the doctrine of inconsistent positions, is not applicable herein because the plaintiffs, including the insured as a plaintiff, did not recover in the earlier uninsured motor vehicle arbitration proceeding (Douglas v Government Empls. Ins. Co., 237 AD2d 246 [1997]; see also Lory v Parsoff, 296 AD2d 535 [2002]; Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae, 243 AD2d 168 [1998]).
Pesce, P.J., Aronin and Patterson, JJ., concur.