■ SAMUEL FESTINGER, Appellant, v GEORGE EDRICH et al., Respondents. [820 NYS2d 302]—

In an action, inter alia, to impose a constructive trust upon certain real property and to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 10, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he funded the purchase of certain real property which his sister acquired in 1994, with the understanding that she would hold the property for his benefit. He further alleges that he transferred large amounts of cash and valuable personal property to his sister for safekeeping. It

is undisputed that, contemporaneous with these alleged transfers, the plaintiff was the subject of federal criminal fraud prosecutions which resulted in his obligation to pay restitution in excess of $2,000,000 to various entities and individuals. At his sentencing in 2000 for 49 counts of violation of probation regarding his failure to report assets and income which were available to make restitution, the plaintiff, through his counsel, repeatedly advised the United States District Court that he was "broke," that he had no money or assets, and that he had used all of his resources toward the payment of restitution. Thereafter, in 2004, the plaintiff commenced this action against his sister's children and former husband, alleging that after his sister died in 1999, the defendants refused his demands for the return of his alleged real and personal property. The defendants moved for summary judgment on various equitable grounds, and the Supreme Court granted the motion. We affirm.

The doctrine of judicial estoppel or estoppel against inconsistent positions precludes a party from taking a position in one legal proceeding which is contrary to that which he or she took in a prior proceeding, simply because his or her interests have changed (*see Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435 [1995]; *Kimco of N.Y. v Devon*, 163 AD2d 573 [1990]; *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591 [1984]). In this case, the plaintiff's claim of an ownership interest in the subject real and personal property since the 1990s is manifestly at odds with his representations to the United States District Court in 2000 that he had no money or assets, thereby warranting the dismissal of this action. In this regard, the plaintiff never contended in the Supreme Court that judicial estoppel was unavailable because he did not obtain a favorable judgment or other benefit in the federal proceeding (*see e.g. Matter of State Farm Mut. Auto. Ins. Co. v Allston*, 300 AD2d 669 [2002]; *Lory v Parsoff*, 296 AD2d 535 [2002]); hence, his present contention is improperly raised for the first time on appeal (*see Sandoval v Juodzevich*, 293 AD2d 595 [2002]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757 [1985]). In any event, the lenient sentence which he received constituted such a benefit for purposes of the doctrine of judicial estoppel (*see generally Donovan Leisure Newton & Irvine v Zion*, 168 AD2d 373 [1990]; *Kimco of N.Y. v Devon, supra*), and the application of the doctrine also was essential to avoid a fraud upon the court and a mockery of the truth-seeking function (*see e.g. Mantia v Squire*, 289 AD2d 304 [2001]; *Perkins v Perkins*, 226 AD2d 610 [1996]; *Karasik v Bird*, 104 AD2d 758 [1984]; *Houghton v Thomas*, 220 App Div 415 [1927], *affd* 248 NY 523 [1928]).

The Supreme Court also correctly determined that this action is barred by the doctrine of unclean hands, since it is clear that the plaintiff's alleged entrustment of property to his sister was intended to place the assets out of the reach of his creditors, and his recovery of those assets is now precluded as a matter of public policy to protect the integrity of the court (*see Moo Wei Wong v Wong*, 293 AD2d 387 [2002]; *Walker v Walker*, 289 AD2d 225 [2001]; *Zimberg v Zimberg*, 268 AD2d 232 [2000]; *Jossel v Meyers*, 212 AD2d 55 [1995]; *Langdon v Langdon*, 138 AD2d 358 [1988]; *Yula v Yula*, 115 AD2d 475 [1985]).

Additionally, the defendants accurately observe that the plaintiff is bound by his prior representations in the federal proceeding, which constitute judicial admissions (*see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94 [1996]; *Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74 [2003]; *Bankers Trustee Co. v First Mexican Acceptance Corp.*, 273 AD2d 81 [2000]). Since those statements essentially were unrebutted and unexplained, summary judgment in favor of the defendants was warranted on this basis as well (*see Koslowski v Koslowski*, 245 AD2d 266 [1997]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Florio, Miller and Mastro, JJ., concur. [*See* 8 Misc 3d 700 (2005).]