■ David Dolny, Respondent, v Philip Borck et al., Appellants. [877 NYS2d 223]—

In an action to impose a constructive trust upon certain real property, the defendants appeal from an order of the Supreme Court, Rockland County (Nelson, J.), dated April 18, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

In this action to impose a constructive trust upon certain real property, the defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint based on the doctrine of unclean hands, and the plaintiff failed to raise a triable issue of fact in opposition to the motion. Indeed, the plaintiff conceded that he voluntarily participated in a scheme whereby title to the subject property,

in which he claims to have an ownership interest, was conveyed to the defendants Philip Borck and Marilyn Borck (hereinafter the Borcks) in foreclosure in order to place the property beyond the reach of the plaintiff's judgment creditors, while the plaintiff retained the beneficial ownership of the premises. Given the plaintiff's admitted involvement in this alleged arrangement to convey the property to frustrate his creditors in the collection of their legitimate debts, his claim that the Borcks now should be compelled to convey title to the premises to him pursuant to the terms of that arrangement is barred by the doctrine of unclean hands (*see Festinger v Edrich,* 32 AD3d 412, 414 [2006]; *Moo Wei Wong v Wong,* 293 AD2d 387 [2002]; *Walker v Walker,* 289 AD2d 225, 226 [2001]; *Zimberg v Zimberg,* 268 AD2d 232 [2000]; *Lagonegro v Lagonegro,* 187 AD2d 490 [1992]; *Ta Chun Wang v Chun Wong,* 163 AD2d 300 [1990], *cert denied* 501 US 1252 [1991]; *Muscarella v Muscarella,* 93 AD2d 993 [1983]). In this regard, the question of whether the Borcks knew of the fraudulent purpose of the transaction is irrelevant (*see Pattison v Pattison,* 301 NY 65, 72 [1950]; *Vasquez v Zambrano,* 196 AD2d 840 [1993]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.