Flores v Guambana (2018 NY Slip Op 04699)





Flores v Guambana


2018 NY Slip Op 04699


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-12052
 (Index No. 701624/16)

[*1]Nelia Flores, et al., appellants, 
v
Moises M. Guambana, respondent, et al., defendant.


Auciello Law Group, P.C., Brooklyn, NY (Anthony J. Auciello of counsel), for appellants.
Queens Legal Services, Jamaica, NY (Christopher Newton of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered October 31, 2016. The order granted the motion of the defendant Moises M. Guambana pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and to cancel the notice of pendency filed against the subject property.
ORDERED that the order is affirmed, with costs.
A person who transfers property to another to be held in trust for the purpose of hindering, delaying, or defrauding creditors has unclean hands, and equity will not afford relief when he or she seeks the reconveyance of the property (see Pattison v Pattison, 301 NY 65, 74). Stated differently, "the fraudulent grantor cannot undo, for his [or her] own benefit, the transfer he [or she] has made" (Ford v Harrington, 16 NY 285, 287). Such agreements are not enforced "as a matter of public policy to protect the integrity of the court" (Festinger v Edrich, 32 AD3d 412, 414), and the court "will leave the parties where it finds them" (Pattison v Pattison, 301 NY at 74).
Here, we agree with the Supreme Court's determination, based on the allegations in the complaint, that the plaintiffs' alleged conveyance of real property to the defendant Moises M. Guambana was for the purpose of frustrating their creditors and, therefore, the alleged oral agreement for the reconveyance of the property was unenforceable (see Dolny v Borck, 61 AD3d 817, 818; Festinger v Edrich, 32 AD3d at 414; Moo Wei Wong v Shirley Wong, 293 AD2d 387, 387; Walker [*2]v Walker, 289 AD2d 225, 226). Accordingly, we agree with the court's determination to grant Guambana's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and to cancel the notice of pendency filed against the subject property.
In light of the foregoing, the plaintiffs' remaining contentions are academic.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court